BERKAW *v.* MAYFLOWER CONGREGATIONAL CHURCH.

Judgment—Accelerated Judgment—Estoppel—Res Judicata—
Summary Judgment—Issues of Fact—Religious Societies.

Action for declaration of rights and injunction, instituted by
faithful minority of a Congregational church who opposed
union with the Evangelical and Reformed Church to form the
United Church of Christ, *held,* properly dismissed on defendant
church's motion for accelerated judgment because of previous
decisions in class actions deciding questions raised herein in
that plaintiffs herein were estopped by such other judgments
and because such other judgments were *res judicata* as to the
issues, and on defendant's motion for summary judgment since
there was no genuine issue as to a material fact presented (CL
1948, § 458.301 *et seq.*; GCR 1963, 116, 117).

Appeal from Wayne; Culehan (Miles N.), J.
Submitted Division 1 May 11, 1965, at Detroit.
(Docket No. 109.) Decided June 21, 1965. Leave to
appeal granted by Supreme Court August 24, 1965.

Complaint by Helen Joan Berkaw and others
against the Mayflower Congregational Church, a
Michigan corporation, to enjoin defendant's partici-
pation in the merger of the Congregational Christian
Churches of the United States with the Evangelical
and Reformed Church. Summary judgment for de-
fendant. Plaintiffs appeal. Affirmed.

*Beaumont, Smith & Harris (Alfred E. Lindbloom,*
of counsel), for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTE
30A Am Jur, Judgments § 324 *et seq.*
41 Am Jur, Pleading § 340 *et seq.*

*Dykema, Wheat, Spencer, Goodnow & Trigg (H. Gordon Wood,* of counsel), for defendant.

*Amici Curiae:*

*Thomas G. Long, Edmund E. Shepherd,* and *Edward M. Sharpe.*

WATTS, J. Plaintiffs-appellants, the faithful minority of Mayflower Congregational Church, appeal from a decision of the Wayne county circuit court dismissing their complaint on the grounds that all the matters submitted therein have been previously adjudicated against all the classes of parties represented by them in a final adjudication by the New York court of appeals in *Cadman Memorial Congregational Society of Brooklyn* v. *Kenyon* (1953), 306 NY 151 (116 NE2d 481). This is a suit for injunctive relief and a declaratory judgment based upon the alleged invalidity of the agreement for a church merger or union. The litigation arose after the decision was made by the General Council of the Congregational Christian Churches of the United States to enter into a merger or union with the Evangelical and Reformed Church to form the United Church of Christ. A group representing the Evangelical and Reformed Church and a commission appointed by the General Council met and adopted a document called the Basis of Union which set forth the procedures to govern the proposed merger or union. In 1949, the General Council voted to consummate the merger or union, and a similar decision was made by the Evangelical and Reformed Church.

There was strong opposition to the merger or union by many Congregational churches who had the belief that the proposed United Church of Christ represented a drastic change from the traditional

polity of the ·Congregational Christian Churches. They also were of the belief that the merger or union would destroy or substantially change the nature of congregationalism. Those in opposition to the merger or union contend that the unauthorized action by the General Council commits all members of the Congregational Christian denomination to membership in the United Church of Christ. They further contend that those who choose to remain outside of the United Church of Christ will be deprived of their rights in the assets held by the General Council.

The Cadman Memorial Society of Brooklyn and the Cadman Memorial Church brought suit in 1949 against Helen Kenyon, the Moderator of the General Council. This suit which was filed in the supreme court[1] was brought on behalf of themselves and other Congregational Christian Churches similarly situated. The Cadman Church and Society requested a declaratory judgment that the General Council had no power to consummate the Basis of Union or to unite with the Evangelical and Reformed Church and that no actions taken by the General Council can or will affect the individual Congregational Christian Churches without their voluntary assent; and that those churches which do join the new church will thereby lose all the rights in and control of the various corporations, boards, and instrumentalities which had been established for the furtherance of congregationalism. Cadman also prayed for an injunction halting the merger or union of the churches and the consolidation of the corporations, boards, and agencies with their counterparts in the Evangelical and Reformed Church. The supreme court granted Cadman's pleas, declaring that the General Council was powerless to consummate

_____
[1] The supreme court, the trial court in the *Cadman Case*, is comparable to the circuit court of the State of Michigan.

the Basis of Union and enjoining any further actions in that direction. The court specially enjoined the Council from uniting or transferring the corporations, agencies, and instrumentalities of the Congregational Christian Churches or their funds and properties with or to any agency of the Evangelical and Reformed Church or the United Church of Christ. *Cadman Memorial Congregational Society of Brooklyn* v. *Kenyon* (1950), 197 Misc 124 (95 NYS2d 133). On appeal, the appellate division reversed the judgment of the supreme court on the law and the facts and ordered plaintiffs' complaint dismissed. (1952), 279 App Div 1015, 1074 (111 NYS2d 808). This judgment was affirmed in a full opinion by the New York court of appeals, two judges dissenting. (1953), 306 NY 151 (116 NE2d 481).[2]

Approximately eight years after the final judgment in the *Cadman Case,* on June 22, 1961, plaintiffs in the instant case filed a complaint in the Wayne county circuit court to quiet title to real and personal property of defendant Mayflower Congregational Church, a Michigan corporation, in plaintiffs and in such other persons who may desire to worship according to the faith and usages of churches commonly called Congregational, and that the court determine that such property may not be used except according to the faith and usages of the churches commonly called Congregational.

Plaintiffs allege that they as members in good standing of defendant church brought suit for the protection of the true rights and interests of the church, of themselves, and of other persons who may desire to worship according to the usages and practices to which the property of the church had been dedicated.

---

[2] Motion for reargument submitted March 8, 1954, and denied March 11, 1954, 306 NY 851 (118 NE2d 909).

Defendant church was organized in 1930 under PA 1901, No 53,[3] entitled "An act for the organization of corporate Congregational churches." The purpose of defendant corporation, as stated in its articles of incorporation which has continued ever since without amendment or change, is to worship and labor together as a church according to the faith and usages of the churches commonly called Congregational.

Plaintiffs allege in detail the unique doctrines and practices of the Congregational churches, the formation of the United Church of Christ and how it fundamentally differs from congregationalism. Plaintiffs allege that a majority of the members of defendant church voted on April 30, 1961, to become part of the United Church of Christ. Plaintiffs further allege that to make defendant church a part of the United Church of Christ would work a change in the religious practices not conformable with the origin and historic character of the faith to which the church property is dedicated and would divert the property of defendant church to another denomination and violate the rights of the faithful minority and deprive such minority of the use of church property.

Defendant on or about July 19, 1961, filed a motion to dismiss the bill of complaint, claiming that plaintiffs were barred from maintaining the action by reason of two prior adjudications by which the matters raised in the complaint had been finally and conclusively determined against them.[4] Defendant

---

[3] CL 1948, § 458.301 *et seq.* (Stat Ann 1963 Rev § 21.1881 *et seq.*).

[4] *Cadman Memorial Congregational Society of Brooklyn* v. *Kenyon* (1953), 306 NY 151. Judge Dye of the court of appeals, writing the majority opinion of the court, discussed in detail on pages 158–167 the same issues as raised in the instant case. The dissenting opinion written by Judge Froessel is found on pages 167–172.

*First Congregational Church and Society of Burlington, Iowa,* v. *Evangelical and Reformed Church* (DC SD NY, 1961), 198 F Supp

also claimed that plaintiffs were estopped by the judgment in these two cases from maintaining the action. The motion further states that the complaint failed to state a cause of action.

Defendant's motion was supported by affidavits, one by Loren T. Wood, a member of the bar of New York, to which were attached many documents. There was also attached to the motion an affidavit of Mr. Taylor, the minister of defendant church. Plaintiffs also filed affidavits in opposition to the motion to dismiss,[5] alleging that the issue of whether the United Church of Christ as formed and effected is a non-Congregational denomination has never been adjudicated. Further, that the issue of whether the plan of union provided for a new denomination which would be non-Congregational has not been adjudicated in the *Cadman Case* because the court

677. District Judge Dimock discussed the same issues as raised in the instant case.

*First Congregational Church and Society of Burlington, Iowa*, v. *Evangelical and Reformed Church* (CCA 2, 1962), 305 F2d 724. Circuit Judge Clark discussed the issues which were raised in the instant case.

More recent cases on point are:

*Wilson* v. *Washington Congregational Church* in the common pleas court, Lucas county, Ohio, #190424 (affirmed by the court of appeals of Lucas county and by the supreme court of the State of Ohio in 1963, 175 Ohio St 264 [193 NE2d 702]). See 25 Ohio Opin 2d 35.

*Howes* v. *First Congregational Church of Sheridan, Wyoming* in the fifth judicial district of the State of Wyoming, October 24, 1962.

*Hoffman* v. *Emley*, in the circuit court, Waukesha county, Wisconsin, June 1, 1964.

5 The motion to dismiss was brought on for hearing before Wayne county circuit court Judge Lila M. Neuenfelt in September, 1961, and the matter was then argued for several days. On September 29, 1961, a stipulation was entered into by the parties through their respective attorneys and an order entered that the hearing on defendant's motion to dismiss and all further proceedings in the action be suspended and adjourned, to be resumed only when the *Burlington Case*, one of the two cases relied on by defendant, then on appeal, would become final. After the *Burlington Case* was decided, Judge Neuenfelt did not desire to resume argument of the motion to dismiss because of the pendency in the State of Ohio of a case entitled *Wilson* v. *Washington Congregational Church*, 175 Ohio St 264 (193 NE2d 702). When this case was concluded, the instant case was assigned to Judge Miles N. Culehan and the motion was argued before him on April 6 and 7, 1964.

held that the admissions and representations of
the General Council, although it was only one of the
many parties to the plan of union, eliminated that
ecclesiastical question from the case.

In an opinion given on April 13, 1964, Judge Miles
N. Culehan of the Wayne county circuit court found:

"That the pleadings, affidavits, records, judgments
and opinions of prior litigated cases show that there
is no genuine issue as to any material fact but only
disputed questions of law, and that defendant May-
flower Congregational Church is entitled to judg-
ment on its motion as a matter of law.

"The Court further and severally finds that each
of the following facts exist without controversy, to-
wit:

"1. A representative action was heretofore insti-
tuted in the supreme court of the State of New York,
county of Kings, by the Cadman Memorial Congre-
gational Society of Brooklyn and the Cadman Me-
morial Church, suing on behalf of themselves and
other Congregational Christian Churches similarly
situated, against Helen Kenyon, as moderator of
the General Council of the Congregational Christian
Churches of the United States, as defendant. Final
judgment in the said action (hereinafter referred
to as the 'Cadman Case') was rendered in favor of
said defendant and against said plaintiffs. The de-
cision (sic) in said action are reported at 197 Misc
124 (95 NYS2d 133), reversed, 279 App Div 1015,
1074 (111 NYS2d 808) (2d Dept 1952), affirmed
(1953) 306 NY 151 (116 NE2d 481).

"2. A representative action was heretofore insti-
tuted in the United States district court for the
southern district of New York by the First Congre-
gational Church and Society of Burlington, Iowa,
First Congregational Church of Pontiac, Michigan,
and others, including Malcolm K. Burton, a minister
and member of the First Congregational Church of
Pontiac, Michigan, suing on behalf of themselves
and all other churches, ministers and members of

churches similarly situated, against Evangelical and Reform (*sic*) Church and numerous other defendants. Final judgment in that action (hereinafter referred to as the '*Burlington Case*') was entered in favor of defendants and against plaintiffs, the decisions being reported at 198 F Supp 677, affirmed 305 F2d 724 (CCA 2, 1962), cert denied (1963), 372 US 918 (83 S Ct 728, 9 L ed 2d 723).

"3. On September 19, 1961, the Honorable Lila M. Neuenfelt issued an order dismissing without prejudice plaintiffs' order to show cause why a temporary injunction should not be issued.

"4. The property rights involved in this cause exceed $3,000.

"The Court concludes as matters of law that:

"1. Plaintiffs in the *Cadman Case* represented a class of which plaintiffs in the present action were members and claimed and sought declarations of rights and interests in the subject matter of the litigation which included all the rights and interests asserted by plaintiffs herein. Plaintiffs herein are estopped by said judgment from litigating the issues presented herein and said case is *res judicata* as to such issues.

"2. Plaintiffs in the *Burlington Case* represented a class of which plaintiffs in the present action were members and claimed and sought declarations of rights and interests in the subject matter of the litigation which included all the rights and interests asserted by plaintiffs herein. Plaintiffs herein are estopped by said judgment from litigating the issues presented herein and said case is *res judicata* as to such issues.

"3. Plaintiffs' order to show cause as to why a temporary injunction should not be issued should be dismissed.

"It is therefore, ordered and adjudged that defendant's original motion to dismiss, now considered a motion for accelerated judgment[6] and a motion for

---

[6] See GCR 1963, 116,

summary judgment,[7] be and the same hereby are granted, and judgment is hereby entered in favor of defendant and said cause and plaintiffs' bill of complaint are hereby dismissed.

"It is further ordered and adjudged that plaintiffs' order to show cause why a temporary injunction should not be issued is hereby dismissed.

"It is further ordered and adjudged that the defendant shall have the right to tax its costs."

On May 11, 1965, this cause came on to be heard as an appeal on questions of law and assignments of error, the complaint, transcript, original papers, and pleadings from the Wayne county circuit court and also upon the briefs and arguments of counsel for plaintiffs-appellants and the defendant-appellee.

This Court finds that there was no genuine issue of fact presented incident to the granting of defendant-appellee's motion to dismiss the cause and the plaintiffs-appellants' bill of complaint.[8]

This Court finds that no prejudicial error to plaintiffs-appellants occurred during any of the proceedings.

Judgment of the Wayne county circuit court is hereby affirmed. Costs to defendant-appellee.

J. H. GILLIS, P. J., and McGREGOR, J., concurred.

[7] See GCR 1963, 117.

[8] Plaintiffs-appellants' bill of complaint requested: (1) the Wayne county circuit court to quiet title to real and personal property of defendant-appellee Mayflower Congregational Church, a Michigan corporation, in plaintiffs-appellants and such other persons who may desire to worship according to the faith and usages of churches commonly called Congregational; (2) that the court shall determine that such property may not be used except according to the faith and usages of churches commonly called Congregational; (3) that defendant-appellee church, its minister, boards, officers, agencies, and other representatives be permanently and perpetually enjoined by a final decree from having or making said church a part of the United Church of Christ or taking any action to that end; and (4) that pending the final decree herein, a writ of temporary injunction be issued of like force and effect.